**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BRIAN S. LINCOLN, TIMOTHY S. DAVIS, and GERRY K. DAVIS,**

**Plaintiffs,**

**v.** **Case No. 8:25-cv-3527-MSS-AAS**

**ORNERSTONE SECURITIES, LLC, and RUSSELL EDWARD FIEGER,**

**Defendants.**
**______________________________________/**

**ORDER**

Plaintiffs Brian S. Lincoln, Timothy S. Davis, and Gerry K. Davis (collectively, the plaintiffs) move to compel production of documents responsive to their requests for production and for a privilege log documenting items withheld on the basis of privilege. (Doc. 38). Defendants Cornerstone Securities, LLC (Cornerstone) and Russell Edward Fieger (collectively, the defendants) oppose the motion. (Doc. 41).

## I. BACKGROUND

This case arises out of the plaintiffs' advisory relationship with Cornerstone, a registered investment advisory firm, and its former registered representative, Christopher Burch. (Doc. 33). According to the amended complaint, from 2019 through 2024, the plaintiffs, elderly investors,

maintained several discretionary advisory accounts with Cornerstone. (*Id.*). On May 28, 2026, the plaintiffs served their first request for production on the defendants. (Doc. 38, Ex. A). On July 13, 2026, the defendants served their responses after requesting an extension. (Doc. 38, Ex. B).

In its responses, Cornerstone objected to 14 of the 40 requests based on "attorney-client privilege" and the "work-product doctrine," and objected to 4 of the 40 requests on the basis that the requested documents included "confidential or proprietary business information, trade secrets, or competitively sensitive information." (Doc. 38, Ex. B-1). Cornerstone agreed to produce responsive documents for requests nos. 7, 10, 23, 24, 28, 30–35, and 38 if they are in its custody, possession, or control. (*Id.*, pp. 5–17).

In his responses, Mr. Fieger objected to 4 of the 31 requests based on "attorney-client privilege," the "work product doctrine," and "confidentiality." (Doc. 38, Ex. B-2). Mr. Feiger agreed to produce responsive documents to request nos. 23 and 24 if they are in his custody, possession, or control. (*Id.*, pp. 10–11).

On August 12, 2026, the plaintiffs' counsel emailed the defendants' counsel, identifying deficiencies in the defendants' objections and addressing the defendants' failure to produce responsive documents or a privilege log. (Doc. 38, Ex. C). On August 17, 2026, counsel for the parties conferred

regarding the defendants' alleged discovery deficiencies. During the conference, the defendants' counsel stated that no privilege log was produced because the defendants were not withholding any responsive documents based on privilege. The defendants also advised that responsive documents previously produced with their initial disclosures need not be duplicated.

The plaintiffs now request an order compelling the defendants to produce all nonprivileged documents responsive to the plaintiffs' request for production, serve amended responses, and, to the extent the defendants withhold any responsive documents based on attorney-client privilege or work-product protection, serve a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A). (Doc. 38). The plaintiffs also request an award of their attorney's fees and costs incurred in bringing this motion. (*Id.*, pp. 13–14). In response, the defendants state that they are not withholding any responsive documents and that there is no privilege log to produce. (Doc. 41).

## II. LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Discovery helps the parties ascertain facts bearing on the issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

## III. ANALYSIS

The court will consider the plaintiffs' requests for production served on Cornerstone and Mr. Fieger, respectively.

### A. Cornerstone's Objections to Request for Production Nos. 1–6, 11–15, 16, 17, 19, 20, 22, and 26

Cornerstone objected to the plaintiffs' request for production nos. 1–6, 11, 15, 19, and 26 based on "attorney-client privilege." Cornerstone also objected to the plaintiffs' request for production nos. 1–6, 11 15, 19, and 26 based on work-product. These requests seek: (1) the plaintiffs' account and fee records (request nos. 1–5, and 11); (2) notes, memoranda, and worksheets maintained by Cornerstone's registered representatives concerning the plaintiffs' accounts (request no. 6); (3) records concerning Cornerstone's due diligence (request no. 12); (4) records of internal investigations related to Mr.

Burch (request no. 13); (5) communications with state or federal securities agencies concerning investigations, inquiries, or disciplinary actions involving Mr. Burch (request nos. 14 and 15); and (6) records reflecting supervisory, compliance, or managerial review of the plaintiffs' accounts (request nos. 19 and 26). On their face, these categories appear to seek ordinary business, account, supervisory, compliance, and regulatory records. But Cornerstone states that these documents are privileged or protected by the work-product doctrine.

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." *United States v. Schaltenbrand*, 930 F.2d 1554, 1562 (11th Cir. 1991). Thus, to claim attorney-client privilege, the proponent of the privilege must prove that what is sought to be protected is (1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client. *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 582–83 (S.D. Fla. 2013). "A failure of proof as to any element causes the claim of privilege to fail." *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011).

Likewise, as the proponent of the work-product privilege, Cornerstone

bears the burden of establishing it by a preponderance of the evidence. *MapleWood Partners*, 295 F.R.D. at 584. For the protection to apply, Cornerstone must prove that it anticipated litigation at the time each document or communication was created. *Holladay v. Royal Caribbean Cruises, Ltd.*, 333 F.R.D. 588, 592 (S.D. Fla. 2019). The proponent of the privilege must prove that the document was "prepared with the primary motivating purpose of aiding in possible litigation." *Wyndham Vacation Ownership, Inc. et al. v. Reed Hein & Assocs., LLC et al.*, No. 6:18-cv-2171-Orl-31DCI, 2019 WL 9091666, at *15 (M.D. Fla. Dec. 9, 2019).

Although Cornerstone states it is not withholding any privileged documents, "[a] party should not make an objection based on a privilege or protection unless the party actually is withholding responsive material based on a privilege or protection." *DEBRA CASE, et al., Plaintiffs, v. BANK OF AMERICA, N.A., Defendant. Additional Party Names: Terrence Case*, No. 0:25-CV-61198, 2026 WL 2225166, at *2 (S.D. Fla. Aug. 3, 2026). Under Fed. R. Civ. P. 26(b)(5)(A):

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner

> that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

When a party "intend[s] to withhold information, otherwise discoverable, by claiming a privilege, such as work product, the party asserting the privilege must comply with Federal Rule of Civil Procedure 26 by filing a privilege log." *Anderson v. City of Naples*, No. 2:10-CV-111-FTM-36S, 2010 WL 4853916, at *3 (M.D. Fla. Nov. 22, 2010), *objections overruled*, No. 2:10-CV-111-FTM-36SPC, 2011 WL 13294591 (M.D. Fla. July 12, 2011).

Cornerstone's objections do not describe the nature of the documents, communications, or tangible things not produced or disclosed. These descriptions may be included in a privilege log, but Cornerstone did not provide one. And Cornerstone presents no evidence, by affidavit or otherwise, supporting its claims of privilege or protection. Cornerstone's objections are insufficient to meet its burden of establishing the privilege and protection required under Federal Rule of Civil Procedure 26(b)(5)(A).

Finally, Cornerstone objected to the plaintiffs' request for production nos. 16, 17, 20, and 22 on confidentiality grounds. Cornerstone objected to producing responsive documents because they purportedly contain "confidential or proprietary information, trade secrets, or competitively sensitive information," and conditioned production on the execution of a confidentiality agreement. "Objections to producing material[s] simply because

[they are] confidential are meritless." *Rosen v. Schlee*, No. 1:25-CV-21116, 2025 WL 2985768, at *1 (S.D. Fla. Oct. 23, 2025). Confidentiality is not itself a basis to withhold discovery. *See Adelman v. Boy Scouts of Am.,* 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery").

Cornerstone's confidentiality objections are not only insufficient as a basis for withholding discovery, but the condition Cornerstone imposed on its production has been satisfied. On May 8, 2026, two months before Cornerstone served its discovery responses, the parties executed a Confidentiality Agreement governing the disclosure of confidential information in this action.

### B. Mr. Fieger's Objections to Request for Production Nos. 25, 26, 27, and 29

In response to Plaintiffs' Requests for Production Nos. 25–27 and 29, Mr. Fieger objected to producing responsive documents on the grounds of the attorney-client privilege, the work-product doctrine, and confidentiality. These requests seek documents concerning prior customer complaints and arbitrations against Mr. Fieger, as well as regulatory or disciplinary actions

and investigations involving alleged breaches of fiduciary duty and violations of securities laws and regulations.

On their face, these requests do not seek privileged attorney-client communications or documents prepared in anticipation of this litigation. As detailed above, the attorney-client privilege protects communications between lawyer and client, and Mr. Fieger bears the burden of establishing that the privilege applies to any responsive document he seeks to withhold. *See Schaltenbrand*, 930 F.2d at 1562. Likewise, work product protection generally applies to documents prepared principally or exclusively to assist in anticipated or ongoing litigation. *See Holladay*, 333 F.R.D. at 592. Mr. Fieger's objections are improper and may only be withheld with an accompanying privilege log. *See Anderson*, 2010 WL 4853916, at *3. Mr. Fieger's confidentiality objections also fail. *See Kaye*, 2008 WL 11422469, *3 n.4.

## IV. CONCLUSION

For these reasons, the plaintiffs' motion to compel (Doc. 106) is **GRANTED**:

(1) By **September 30, 2026**, Cornerstone must produce an amended response and any nonprivileged documents responsive to Plaintiffs' Requests for Production Nos. 1–6, 11–17, 19, 20, 22, and 26 (as well as documents responsive to request nos. 7, 10, 23, 24, 28, 30–35, and 38, which Cornerstone

already agreed to produce);

(2) By **September 30, 2026**, Mr. Fieger must produce an amended response and any nonprivileged documents responsive to Plaintiff's Request for Production Nos. 25–27 and 29 (as well as documents responsive to request nos. 23 and 24, which Mr. Fieger already agreed to produce);

(3) If documents are withheld based on attorney-client privilege or work-product protection, those documents must be listed on a privilege log in compliance with Federal Rule of Civil Procedure 26(b)(5)(A);

(4) The plaintiffs are awarded their reasonable attorney's fees and expenses incurred in bringing this motion against the defendants.[1] The parties must confer and attempt to agree on the reasonable amount of attorney's fees and expenses that the plaintiffs incurred in relation to this motion. If the parties cannot agree, the plaintiffs may file a motion with supporting documentation; and

(5) The undersigned will schedule a case management conference to determine whether any case management deadlines should be extended by separate order. (*See* Doc. 40).

[1] Federal Rule of Civil Procedure 37(a)(5)(A) states that if a motion to compel is granted, the court "must" require the opposing party to pay the movant's reasonable expenses, including attorney's fees, incurred in making the motion.

**ORDERED** in Tampa, Florida, on September 14, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge